IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

    Plaintiff,                             No. CIV S-06-0812 MCE DAD P

    vs.

CALIFORNIA DEP'T OF CORRECTIONS,

    Defendant.                         ORDER

                            /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an incomplete in forma pauperis application. The application must be signed by an authorized official at the correctional facility. Therefore, the court will order plaintiff to submit a new application, using the form provided by the court. Plaintiff is also required to submit a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of his complaint on March 31, 2006. See 28 U.S.C. § 1915(a)(2). If plaintiff is unable to obtain a certified copy of his trust account statement

from CSP - Corcoran, he should provide a statement of explanation and submit a certified copy of his trust account statement from High Desert State Prison.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, plaintiff names the California Department of Corrections and High Desert State Prison as defendants. Neither are proper defendants in a civil rights action. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison are not persons within meaning of Civil Rights Act); Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Department of Corrections are not persons within meaning of Civil Rights Act). In addition, a suit against a state agency is barred by the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781, 782 (1978). Plaintiff also names the "'C-D-C' Postal Mail Room" at High Desert State Prison and Susanville City Postal Office as defendants in his action. Again, these entities are not persons properly named as defendants in this civil rights action. Therefore, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint in which he names proper defendants.

Plaintiff is advised that if he is attempting to claim a violation of the Fourteenth Amendment's equal protection clause, he must allege facts demonstrating "'that defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001) (quoting

1  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998)).  Discriminatory intent or purpose
2  implies that a defendant took a particular course of action at least in part because of the adverse
3  effects upon an identifiable group.  Id. at 687.  It appears that as alleged in the pending
4  complaint, plaintiff's claim is based solely on the allegation that mail packages were not
5  distributed for a three week period to non-Caucasian and non-Latino inmates.  Such an allegation
6  is not sufficient to state a cognizable Fourteenth Amendment claim.  Plaintiff must provide
7  allegations demonstrating discriminatory intent.

8              Plaintiff is advised that in his amended complaint he must allege in specific terms
9  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
10 there is some affirmative link or connection between a defendant's actions and the claimed
11 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
12 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
13 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
14 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15             In addition, plaintiff is informed that the court cannot refer to a prior pleading in
16 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
17 amended complaint be complete in itself without reference to any prior pleading.  This is
18 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
19 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
20 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
21 original complaint, each claim and the involvement of each defendant must be sufficiently
22 alleged.

23             On April 28, 2006, plaintiff filed a document styled, "Motion:  To Lodge
24 Documents in Support of 'Postal Misconduct' By Prison At Susanville State Prison, of c/o - staff
25 Guards, etc."  Plaintiff seeks leave to proceed in forma pauperis and to "lodge" a copy of an
26 Inmate Request for Interview form, dated April 12, 2006, which he has attached to his motion.

Plaintiff's motion will be denied in light of this order. Plaintiff may submit the request for interview form as an exhibit to his amended complaint if he wishes.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, plaintiff shall file a new application requesting leave to proceed in forma pauperis and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; plaintiff must use the form complaint provided by the court; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and one copy of the amended complaint;

4. The Clerk of the Court is directed to provide plaintiff with the court's form for requesting leave to proceed in forma pauperis by a prisoner and the court's form complaint for a § 1983 action;

5. Plaintiff's April 28, 2006 motion to lodge a document is denied; and

6. Plaintiff's failure to file his in forma pauperis application and an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 16, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mill0812.14

5