IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

      Plaintiff,                    No. CIV S-06-0812 MCE DAD P

      vs.

CALIFORNIA DEP'T OF CORRECTIONS, et al.,

      Defendants.             ORDER

                                      /

Plaintiff is a state prisoner proceeding pro se seeking relief pursuant to 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $15.39 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

In the court's order filed on November 17, 2006, plaintiff was advised that the court is required to screen complaints and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).  The court determined that plaintiff had named improper defendants in his original complaint.  Accordingly, plaintiff's complaint was dismissed and he was granted leave to file an amended complaint.  Plaintiff was also provided with the legal standards governing equal protection claims such as that which he appeared to be attempting to present in this action.

In his amended complaint, plaintiff names as defendants Dr. Roach, the chief medical officer at High Desert State Prison (HDSP), and correctional officer Skyle.  Plaintiff also indicates that unnamed correctional officers and a registered nurse (identified as "R/n Lady") are also defendants in this action.  Plaintiff alleges that during two weeks in March of 2006, mail packages for Black inmates at HDSP were not distributed although packages were passed out for "White-Caucausian & Latin Caucausian[.]"  (Am. Compl. at 3[1].)  Plaintiff also contends that his prison mail was not sent out on one occasion and that this was done because the correctional officers do not like the Black prisoners.  Plaintiff has not provided any factual allegations concerning the named defendants.  Therefore, the court will dismiss the amended complaint and

---

[1] The amended complaint is numbered in a confusing manner.  Therefore, the court has assigned page numbers based on order of appearance in the filing.

2

provide plaintiff with one final opportunity to cure the defects by granting him leave to file a second amended complaint.  Plaintiff is advised to refer to the court's November 17, 2006 order for the legal standard governing equal protection claims.  Plaintiff is also advised that he must allege with at least some degree of particularity overt acts which the named defendants engaged in that support his claims.  In addition, plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that the second amended complaint be complete in itself without reference to any prior pleadings.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files his second amended complaint, the prior pleadings no longer serves any function in the case.  Therefore, in a second amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall use the form complaint provided by the court and must answer each of the questions posed therein.  In particular, plaintiff is requested to provide the information sought regarding the exhaustion of administrative remedies.

On February 15, 2007, plaintiff filed a document styled, "Motion To Lodge Documents in Support of Above Action for Relief sought of Deprivation of Rights 'for money Damages'."  Plaintiff has attached several documents to this motion.  It appears that in this filing plaintiff is alleging that he did not receive his mail while he was housed in the Basic

1  Management Unit at HDSP.  However, plaintiff attaches documents to this filing which do not
2  appear to be related to the mail issue.  The motion will be denied in light of the court's order
3  granting plaintiff leave to file a second amended complaint.

4          On July 13, 2007, plaintiff filed a document styled, "'Motion To Lodge' That
5  Government claims of Sacramento, Denied His funds To Be Re-imbursted [sic] Due To He
6  Could not provide Reciepts [sic] in Timely one year Period of Directors Appeal Granted Due
7  Misconduct of Prison Guards staff."  To this filing plaintiff attaches a letter from the State of
8  California Victim Compensation and Government Claims Board (VCGCB) which informs
9  plaintiff that his claim is untimely and that no further action will be taken.  It is not clear why
10  plaintiff seeks to lodge the VCGCB letter with this court.  Therefore, plaintiff's motion will be
11  denied.

12          On July 23, 2007, plaintiff filed a document styled, "Motion To Lodge that
13  plaintiff in Pro se is being forced to Due 100% State Prison Time Due To Fileing [sic] A #42#
14  [sic] U.S.C. #1983# [sic] When He is Eligible for Half-Time Due To Reprisal of H.D.S.P. CDC
15  Staff."  Although not entirely clear, it appears that in this filing plaintiff is questioning why he
16  was reclassified and transferred to High Desert State Prison.  Plaintiff is advised that claims
17  concerning a prisoner's classification status and transfer to another prison facility, are not
18  cognizable in a civil rights action brought pursuant to 42 U.S.C. § 1983.  See Meachum v. Fano,
19  427 U.S. 215, 224-25 (1976) (no constitutional right to be incarcerated at a particular correctional
20  facility); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (no constitutional right to a
21  particular classification status).  Therefore, plaintiff's motion will be denied.

22          On August 8, 2007, plaintiff filed a motion styled, "Motion To Lodge That other
23  Prisoner's [sic] Are Signing for His Legal Mail."  It appears that in this filing plaintiff is
24  contending that while he was being held in administrative segregation, legal mail sent to him by
25  the court was being "signed" for by other prisoners and that his legal property and mail was lost.
26  These allegations are vague and confusing and the motion will therefore be denied.  To the extent

that plaintiff is attempting to demonstrate that his legal mail is being deliberately diverted or withheld, he may include such allegations in his second amended complaint should he wish to pursue a claim of the denial of his right to access the courts. Plaintiff is advised that an access to court claim arises under the Due Process Clause of the Fourteenth Amendment. See Royse v. Superior Court, 779 F.2d 573, 575 (9th Cir. 1986). While the right of access to the courts is well established, an inmate who alleges interference with his right of access to the courts must also allege actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994). "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

On September 7, 2007, plaintiff filed a document styled, "Motion To Lodge Directors Level Appeal of Exhausted Remedies of CDC Prison of Intentional Discrimination[.] Also plaintiff new address at Corcoran State Prison 'Ad-Seg' where no Hot-foods are served[] As well more worst misconduct." Plaintiff is advised that any claims involving conditions of his confinement at Corcoran State Prison must be brought in a separate action filed in the Fresno Division of the U.S. District Court for the Eastern District of California where Corcoran State Prison is located. Therefore, plaintiff's motion will be denied. The same motion was filed on September 12, 2007, and will be denied as duplicative.

On October 1, 2007, plaintiff filed a document styled, "Motion To Lodge Due To Prisoner in Pro-se being Mistreated By Prison misconduct By food and mail due Reprisal of CDC Staff of #1983# [sic] 42 U.S.C." It appears that in this filing plaintiff is again seeking to challenge the conditions of his confinement at Corcoran State Prison. As indicated above, claims concerning conditions of confinement at Corcoran State Prison must be brought in a separate action and filed in the Fresno Division of this court.

Plaintiff is cautioned that none of his motions comply with Rule 7(b) of the Federal Rules of Civil Procedure which requires that the motion state with particularity the

grounds for the motion, and the relief or order sought.  In addition, the court will not entertain motions which attempt to provide additional factual allegations unrelated to the pending action or which should be included in plaintiff's second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 1, 2006 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $15.39.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint, filed on February 26, 2007, is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff shall use the form complaint provided by the court and answer each question; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

6. Plaintiff motions filed on February 15, 2007, July 13, 2007, July 23, 2007, August 8, 2007, September 7, 2007, September 12, 2007, and October 1, 2007, are denied.

DATED: December 10, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mill0812.amd2