# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER | Case No. CV 06-00812-CAS |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, ET AL. | |
| Defendants. | |

## I. INTRODUCTION

On March 31, 2006, plaintiff Ernest Miller, a current prisoner confined at High Desert State Prison, appearing pro se, filed suit against the California Department of Corrections. On February 26, 2007, plaintiff filed a first amended complaint. On December 20, 2007, plaintiff filed a second amended complaint ("SAC") against defendants the California Department of Corrections, High Desert State Prison, "Mr. Harmon," "Mr. Walker," and "Mr. Essman" alleging that defendants tampered with his mail at High Desert State Prison because he was "labeled Black-African-American by misconduct."

/ / /

On January 30, 2009, defendant Walker filed the instant motion to dismiss plaintiff's SAC for failure to exhaust administrative remedies.[1] On February 9, 2009, plaintiff filed his opposition. On February 17, 2009, defendant filed his reply. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that from September 2006 to February 2007, defendant Walker of the Behavioral Management Unit ("B.M.U") knowingly and intentionally tampered with plaintiff's mail due to the plaintiff being "labeled Black African-American by misconduct." Compl. ¶ 3. Plaintiff further alleges that defendant Walker told him that in "B.M.U they don't care only black prisoners that do what they want get their mail and they let there mail go out to the streets." Compl. ¶ 4. Finally, plaintiff alleges that defendant Walker gave plaintiff's "Stuff" Magazine to "white and Latin Caucasians." Id.

## III. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §§ 1997 et seq., provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a); see also Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (stating that prisoner must exhaust administrative remedies before commencing litigation). Exhaustion requires that the prisoner "[properly]" exhaust all administrative remedies, which includes submitting an administrative claim in compliance with the prison grievance process' deadlines. Woodford v. Ngo, 126 S. Ct. 2378, 2387-93

---

[1] Defendants assert that "[t]his motion was brought on behalf of defendant Walker only because defendants Essman and Harmon have not yet been served." Mot. at 1.

(2006); see also Jones v. Bock, 127 S. Ct. 910, 923 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The exhaustion requirement applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies in compliance with 42 U.S.C. § 1997(e)(a) is an affirmative defense that defendants must raise and prove. Jones, 127 S. Ct. at 919-21.

In the Ninth Circuit, failure to exhaust nonjudicial, nonjurisdictional administrative remedies is "treated as a matter in abatement, which is subject to an unenumerated [Fed. R. Civ. P.] 12(b) motion rather than a motion for summary judgment." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The defendant must demonstrate that the plaintiff failed to exhaust an "available" administrative remedy. Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2006). This requires that the defendant come forward with evidence, including

> statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case, such as in the response memoranda in these cases. With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs [the court's] determination of whether relief was, as a practical matter, 'available.'

Id. at 937. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

## IV. DISCUSSION

Defendant argues that plaintiff's claim should be dismissed because plaintiff failed to exhaust the California Department of Corrections' administrative appeals process. Defendant contends that in order to exhaust his administrative remedies, a prisoner must proceed through an initial informal level, three formal levels of review, and a director's level decision. Mot. at 5 (citing Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997)). Defendant acknowledges that plaintiff filed a grievance, Log No. HDSP-06-2607, alleging that officers in building D-5 told him that if he did not take a cellmate, he would not get any of his mail and that his magazines would be given to white or Latin inmates. Mot. at 5 (citing Robertson Decl. ¶ 6; Ex. 1). However, defendant argues that the appeal was canceled at the first level after plaintiff refused to be interviewed. Id. Therefore, defendant argues that plaintiff's appeal was not exhausted through the director's level of review and should be dismissed. Mot. at 5.

Defendant further argues that plaintiff brought suit on March 31, 2006, six months before filing the above referenced grievance on October 2, 2006. Mot. at 5. Defendant argues that since PLRA requires plaintiff to exhaust his available administrative remedies prior to initiating the lawsuit, plaintiff's claim should be dismissed. Mot. at 5 (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002)).

Plaintiff argues that he has exhausted his administrative remedies by filing a grievance concerning an incident involving defendant Walker wherein plaintiff alleged that defendant Walker discriminated against plaintiff by refusing to give him his prison clothes for a period of seven months. Opp. at 1.

Defendant responds that plaintiff's previously filed grievance has nothing to do with plaintiff's allegations in the present case that defendant Walker knowingly and intentionally tampered with his mail. Reply at 2. Alternatively, defendant argues that the prior grievance was submitted on March 4, 2007, almost one year after initiating this lawsuit on March 31, 2006. Id. Since PLRA requires plaintiffs to exhaust their available remedies before initiating the lawsuit, defendant argues that plaintiff's claim

4

should be dismissed.  Id.

The administrative appeal system for inmates in the California prison system is described in Title 15 of the California Code of Regulations. "Any inmate or parolee under the [California Department of Correction's] jurisdiction may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  In order to exhaust administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the director of the California Department of Corrections.

The Court concludes that plaintiff has failed to exhaust his administrative remedies as to his allegations that defendant Walker knowingly and intentionally tampered with his mail.  Plaintiff's appeal with regards to this issue was canceled at the first level of review as a result of plaintiff's refusal to be interviewed.  Robertson Decl., ¶ 6; Ex. 1.  Plaintiff did not proceed through three formal levels of review and a director's level decision.  Barry, 985 F. Supp. at 1237.  Therefore, plaintiff failed to exhaust his administrative remedies and his claims should be dismissed.

## IV. CONCLUSION

In accordance with the foregoing, the court hereby GRANTS defendant's motion to dismiss plaintiff's case.

IT IS SO ORDERED.

Dated: March 12, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE